**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LELAND NEAL LAPIER, JR.,<br><br>Defendant. | CASE NO: CR 26-10-GF-BMM<br><br><br>**ORDER** |

Defendant Leland Lapier, Jr. filed a Third Motion to Amend Conditions of Detention to Permit Medical Furloughs or in the Alternative to Order Transportation for Medical Treatment, on July 13, 2026. (Doc. 40.) The Court previously granted, in part, and denied, in part, Lapier's Second Motion to Amend Conditions of Detention to Permit Medical Furloughs (Doc. 35). (Doc. 38.)

Lapier previously identified numerous medical issues and provided explanations for his previous failure to receive treatment for the conditions. (Doc. 36 at 2-5.) Lapier requested transport and permission to attend medical appointments and treatments.  (*Id*. at 6-7.) Lapier asked that he either be permitted to schedule his own appointments and arrange his own transportation to each appointment, or that the Court require the appropriate authorities to transport him to and from each

1

appointment. (*Id*.)

The Court declined to permit Lapier to travel independently to and from his appointments. (Doc. 38.) The Court instead reiterated that the U.S. Marshals Service, or its designee, remains responsible for transporting Lapier to and from his medical appointments that the U.S. Marshals Service has approved. (*Id*.) The Court reminded Lapier that the U.S. Marshals Service is not required to transport, or arrange transportation, for any appointments Lapier schedules that have not been approved by the U.S. Marshals Service. (*Id*.) The Court informed Lapier that he remained free to file motions for relief if he believed that the U.S. Marshals Service wrongly denied his medical requests. (*Id*.)

Lapier now believes that the U.S. Marshals Service is wrongly denying his medical requests. (Doc. 41 at 3.) Lapier bases his belief on the U.S. Marshals Service's failure to provide record or documents related to Lapier's medical requests when requested. (*Id*. at 3-4.) Lapier asserts that the U.S. Marshals Service provided the following reasons for denying his medical requests:

> "The denial is based on insufficient clinical evidence to support the medical necessity of the requested consult at this juncture while in USMS custody nor at this stage in the clinical management of the conditions . . . [t]here is no documentation submitted indicating [Mr. Lapier] cannot function in a prison or perform his [Activities of Daily Living] ["ADL's"] because of his chronic conditions . . .."

(Doc. 41 at 5-6, citing Ex. 3 at 6.) Lapier asserts the reasons provided by the U.S.

2

Marshals Service, in addition to its failure to provide additional documentation, records, or evidentiary support for its conclusions, supports the need for the Court's intervention. (*Id*. at 5-9.) Lapier further provides evidence of his ability to make his own travel arrangements to appointments. (*Id*. at 9.) The Government asserts that "[i]t has no reason to believe that the U.S. Marshals Service has failed to appropriately address Lapier's continued demands for medical treatment consistent with their policy; or that Lapier has failed to receive adequate medical care while in custody." (Doc. 42 at 2 (cleaned up).)

The Court again will grant, in part, and deny, in part, Lapier's third motion for furlough (Doc. 40). The Court recognizes that the U.S. Marshals Service must comply with the appropriate USMS Policy Directives, and namely USMS Policy Directives § 9.4, *Prisoner Healthcare*. The Court agrees with Lapier that it proves difficult to assess the U.S. Marshals Service's compliance with these directives if they provide no documentation or evidence for the record. The Court determines that the U.S. Marshals Service should provide the requested medical records to the extent necessary to demonstrate compliance with USMS policy directives.

The Court again denies Lapier's request for furlough or to provide his own transportation to and from appointments. The Court reminds Lapier that the U.S. Marshals Service is responsible for inmates in USMS custody, and those "[p]risoners may not use personal funds or personal health insurance to purchase health care

3

services not authorized" by the USMS. USMS Policy Directives § 9.4, *Prisoner Healthcare*. For those reasons, the U.S. Marshals Service cannot permit Lapier to schedule his own medical appointments, attend medical appointments that are not approved by the USMS, or arrange his own transportation to unapproved medical appointments. The Court declines Lapier's request to order the U.S. Marshals Service to transport Lapier to and from Dr. Schlepp's office on August 18, 2026, or on any other day, unless such appointment is approved by the USMS.

The Court recognizes the difficulty for Lapier and his medical providers for Lapier to attend a medical appointment where he is unable to participate due to shackles. The Court hopes that Lapier, the medical providers, and the U.S. Marshals Service can collaborate in the future to ensure Lapier is able to sufficiently participate in his medical appointments while maintaining the required safety and necessary protections.

**IT IS HEREBY ORDERED** Defendant Leland Lapier Jr.'s Third Motion to Amend Conditions of Detention to Permit Medical Furloughs (Doc. 40), is **GRANTED**, in part, and **DENIED**, in part.

Dated this 7th day of August, 2026.

Brian Morris, Chief District Judge
United States District Court