IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**LELAND NEAL LAPIER, JR.,**<br><br>Defendant. | **Cause No. CR 26-10-GF-BMM**<br><br>**ORDER ON MOTION IN LIMINE TO EXCLUDE EVIDENCE, MOTION FOR BILL OF PARTICULARS AND SANCTIONS FOR UNTIMELY AND/OR UNDISCLOSED GIGLIO INFORMATION** |

## INTRODUCTION

Defendant Leland Lapier ("Lapier") moves the Court in limine to exclude evidence of uncharged crimes and other bad acts. (*Id.* at 2.) Lapier also seeks a Bill of Particulars. (Doc. 49 at 1.) Lapier requests the Government disclose basic information upon which it will rely to prove its case against Lapier. (*Id.* at 3.) Lapier moves last for Sanctions for Untimely and/or Undisclosed *Giglio* Information. (Doc. 51.) Lapier claims that the Government's alleged failure to produce *Giglio* information will prejudice his ability to prepare for trial. (Doc. 52 at 4-5.) The Government opposes all three motions in part or in whole. (Docs. 59 and 71.)

## FACTUAL BACKGROUND

The Government charges Lapier with one count of Conspiracy with the Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 851, and one

count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 851. (Doc. 1.) The indictment alleges the following information:

COUNT 1

> [B]eginning in or before 2020 and continuing until in or about May 2025, at or near Great Falls, within Cascade County, in the State and District of Montana, and elsewhere, the defendant, LELAND NEAL LAPIER, JR., knowingly and unlawfully conspired with other persons, known and unknown to the Grand Jury, to possess with the intent to distribute, in violation of 21 U.S.C. § 841(a)(l), 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 846.

(*Id.* at 2.)

COUNT 2

> [B]eginning in [or] before 2020 and continuing until in or about May 2025, at or near Great Falls, within Cascade County, in the State and District of Montana, and elsewhere, the defendant, LELAND NEAL LAPIER, JR, knowingly and unlawfully possessed, with the intent to distribute, 500 grams or more of a substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(l).

(*Id.* at 2-3.)

## LEGAL STANDARDS

### Motions in Limine

A motion in limine is "a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party files a motion in limine to exclude anticipated prejudicial evidence before the evidence is introduced at trial. *See Luce v. United*

*States*, 469 U.S. 38, 40 n.2, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984). A court has the power to grant such motions pursuant to its "inherent authority to manage trials," even though such rulings are not explicitly authorized by the Federal Rules of Evidence. *Id.* at 41 n.4 (citation omitted). Regardless of a court's initial decision on a motion in limine, it may revisit the issue at trial. *Id.* at 41-42.

**Bills of Particulars**

The trial court is empowered to direct the government to file a bill of particulars. Fed. R. Crim P. 7(f); *Will v. United States*, 389 U.S. 90, 98-9 (1967). A bill of particulars is a written statement by the prosecutor that provides additional details of the charges of the indictment. 1 *Wright & Miller's Federal Practice and Procedure* § 130 (5th ed. 2026). The bill of particulars serves three functions: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (quoting *United States v. Birmley,* 529 F.2d 103, 108 (6th Cir. 1976)).

A district court may use its discretion to deny or grant a motion for a bill of particulars. *Giese*, 597 F.2d at 1180. District courts should consider whether the

defendant has been advised adequately of the charges "through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983); *see also United States v. Barnes, 158 F.3d 662, 665 (2nd Cir. 1998).* Full discovery will obviate the need for a bill of particulars. *Long*, 706 F.2d at 1054. A bill of particulars is not intended as a device to learn the government's evidence or theories, but such disclosure may be required if necessary to give the defendant enough information to prepare his defense. *Barnes*, 158 F.3d at 665.

***Giglio* Disclosures**

The Government has a continuing obligation to produce all evidence required by law and the Federal Rules of Criminal Procedure. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Due process requires disclosure of "evidence [that] is material either to guilt or to punishment." *Id.* The obligation to disclose includes evidence "known only to police investigators and not to the prosecutor," and that "the individual prosecutor has a duty to learn of any favorable evidence known to others acting on the government's behalf . . ., including the police." *Kyles v. Whitley*, 514 U.S. 419, 437-38 (1995). The duty to disclose exculpatory evidence applies even when there has been no request by the accused. *United States v. Agurs*, 427 U.S. 97, 107 (1976). The obligation to disclose encompasses impeachment evidence, as well. *Giglio v. United States*, 405 U.S. 150, 153–54

(1972). The government should resolve doubts as to the usefulness of evidence in favor of full disclosure. *United States v. Van Brandy*, 726 F.2d 548, 552 (9th Cir. 1984).

**DISCUSSION**

## I. Motions in Limine

Lapier asks to exclude criminal conduct, which is not the subject of the indicted charges and for which he has not been convicted. (Doc. 47 at 2.) Lapier seeks to exclude the following conduct:

- An allegation from April 24, 2025, that Lapier violated Mont. Code Ann. § 61-8-1002(1)(a) by driving under the influence of cocaine and/or methamphetamine. (*Id.* at 2, 15-26.)

- Multiple allegations that Lapier owned or traded in firearms. (*Id.* at 3.) These include statements that Lapier "always has guns and was always trying to sell guns." (*Id.* at 3, 29.) Another statement said he "dealt" in firearms. (*Id.* at 3, 35.) Lapier also allegedly kept many "hot" or stolen weapons in his home. (*Id.* at 3, 40.) Finally, Lapier is alleged to have traded guns for drug debts owed by Government witnesses and informants. (*Id.* at 3, 45.)

- An allegation that Lapier is a "money launderer." (*Id.* at 3.) This statement was made alongside others that include allegations that Lapier had $40,000 in P2P payments, and $50,000 in transfers on Cash App. (*Id.* at 38.) Lapier is also alleged to have had $95,198 and $7,021 in collectible coins seized in 2021. (*Id.*) Lapier had less than $25,000 in gainfully employed income since 2020. (*Id.*)

### A. Whether Evidence of Uncharged Crimes and Other Bad Acts is Relevant.

Evidence proves relevant under Rule of Evidence 401 if it has any tendency

to make a fact more or less probable than it would be without the evidence. Fed R. Evid. 401. The evidence also must be consequential in determining the action. *Id*. Deciding whether a fact is "of consequence in determining the action" generally requires considering the substantive issues the case presents. *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019). Rule 401 generally defines relevance broadly. *United States v. Curtis*, 568 F.2d 643, 645 (9th Cir. 1978). Rule of Evidence 402 bars evidence that is not relevant. Fed. R. Evid. 402.

The Court need not reach the relevance of Lapier's driving under the influence allegation and Lapier's "money laundering" allegation. The Government does not intend to introduce any evidence concerning Lapier's driving under the influence, unless Lapier "open[s] the door" at trial. (Doc. 71 at 5.) The Government also does not intend to introduce evidence during its case-in-chief that Lapier laundered drug proceeds unless Lapier, assuming again that Lapier does not "open the door" at trial. (*Id.* at 8.) The Government does not object to this subset of Lapier's motion. (*Id.*) The Court dismisses as moot Lapier's arguments regarding the allegations regarding his driving under the influence and "money laundering."

The Government contends that the allegations that Lapier possessed firearms and that he was involved with "significant amounts of money" potentially remain relevant. (*Id.* at 7-8.) The Court agrees. The Court looks first to Lapier's alleged possession of firearms. Courts routinely have determined that firearm possession

has probative value in drug trade cases. *See United States v. Marino*, 658 F.2d 1120, 1123 (6th Cir. 1981) (concluding that guns found in the defendant's suitcase at the time of his arrest were admissible because they were "relevant to prove [the defendant]'s intent to engage in a conspiracy to import cocaine."); *see also United States v. Davis*, 2023 U.S. Dist. LEXIS 181071, *7 (N.D. Ohio 2023); *see also United States v. Lackey*, 2019 U.S. Dist. LEXIS 206850, *5 (M.D. Penn. 2019). Possession of significant amounts of money is likewise probative. *United States v. Mendoza-Salgado*, 964 F.2d 993, 1008 (10th Cir. 1992) (noting that large quantities of cash are probative of an accused's participation in the drug distribution business and, more specifically, his or her participation in the charged distribution offenses) (citations omitted).

Lapier argues next that, even if this evidence is relevant, the allegations that he owned firearms and that he was involved with significant amounts of money are inadmissible, because their probative value is substantially outweighed by the danger of unfair prejudice, confusion, and delay under Rule of Evidence 403. (Doc. 47 at 6.) Rule 403 does not permit a court to exclude the government's evidence simply because it may hurt a defendant. *Old Chief v. United States*, 519 U.S. 172, 193 (1997). Evidence is excludable if it is "unfairly" prejudicial, in that it has "an undue tendency to suggest decision on an improper basis." *Id.* (quoting Advisory Committee's Note on Fed. Rule Evid. 403, 28 U.S.C. App., p. 860.)

Evidence of Lapier's alleged possession of the firearms and money are not unduly prejudicial and instead properly suggest Lapier's involvement in the charged offenses, even though this evidence would hurt Lapier's defense. Virtually all evidence is prejudicial, or it would not be material. *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977). Lapier does not show what conclusions the jury would improperly infer from the evidence. The Government argues, to the contrary, that possessing guns while distributing methamphetamine would be probative. (Doc. 71 at 8.) The Government also argues that Lapier's possession of large amounts of money while not maintaining legitimate employment also would be probative. (*Id.* at 9.) Lapier does not show undue prejudice that outweighs the probative value of this evidence.

Lapier's final relevance argument is that the allegations that Lapier owned firearms and that he was involved with significant amounts of money should be inadmissible because this evidence of alleged bad acts would encourage the jury to convict Lapier for "emotional reasons or for reasons unrelated to the evidence." (Doc. 47 at 9.) Rule of Evidence 404 states that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a). Evidence of "any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the

character." Fed. R. Evid. 404(b)(1). Such evidence may be used for other purposes, including to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The Ninth Circuit applies a four-part test to determine whether "other act" evidence is admissible. The test requires that: (1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged. *See United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (citation omitted).

The Government contends that, rather than using the evidence to demonstrate Lapier's propensity, the "other act" evidence is both admissible as evidence that is inextricably intertwined with Lapier's alleged charges and as evidence admissible for other purposes. (Doc. 71 at 6.) The Court agrees. Two circumstances exist where evidence proves inextricably intertwined with the crime charged. *United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012 (9th Cir. 1995). First, the evidence may constitute a part of the transaction that serves as the basis for the criminal charge. *Id.* Second, the evidence may be necessary for the prosecutor to offer a coherent and comprehensible story. *Id.* at 1012-3. The evidence in question could be inextricably intertwined with charges related to drug distribution and would be necessary under the second prong to tell a coherent

story. The Government's narrative inherently would rely on circumstantial evidence of Lapier's intent to distribute, and the firearms and money would be essential to demonstrate that narrative. *See, e.g., United States v. Schubel*, 912 F.2d 952, 956 (8th Cir. 1990) (noting that the presence of scales, firearms, and large sums of cash are "all circumstantial evidence of intent to distribute.")

Further, the Government posits that the evidence would be admissible under 404(b) for other purposes, as well. These other purposes include intent and modus operandi. (Doc. 71 at 9, n. 2.) Courts have recognized a motivational connection between firearms, significant amounts of cash, and distribution, because of the need to protect illicit drugs and illicit money. *See United States v. Smith*, 292 F.3d 90, (1st Cir. 2002) (finding that the defendant possessed a firearm "namely, to protect his drugs and drug money."); *see also United States v. Ramos*, 861 F.2d 228, 231 n. 3 (9th Cir. 1988) (noting that "trafficking in narcotics is very often related to the carrying and use of firearms"). These potential uses satisfy the *Bailey* court's test. The evidence circumstantially would demonstrate intent and modus operandi, relate to the time of the alleged charges, be sufficiently evidenced by available witness testimony, and need not be similar, but is otherwise related, to the instant charges. The evidence of firearms and testimony regarding Lapier's significant amounts of cash are admissible.

**B. Whether to Exclude Evidence Under Fed. R. Crim. P. 16(d).**

Lapier contends that the Government has failed to produce various items of evidence regarding Lapier's alleged driving under the influence and money laundering. (Doc. 47 at 10-11.) Lapier identifies a lack of witnesses, police reports, lab testing, and body camera footage regarding the driving under the influence allegation. (*Id.* at 10.) Lapier identifies a lack of employment records, "state records", CashApp records, statements of bank employees, and evidence or documentation of the alleged coin seizure. (*Id.* at 10-11.) Lapier alleges that exclusion provides the only reasonable method for resolving these claims, because he otherwise will have to prepare to defend an impaired driving allegation and a money laundering allegation with minimal information. (*Id.* at 11.)

The Court may prohibit parties from admitting undisclosed information. Fed. R. Cr. P. 16(d). Evidence cannot be discovered under Rule 16 if it is not within the Government's possession. *United States v. Tovar-Duran*, 2026 U.S. App. LEXIS 28082 at 10 (9th Cir. 2026) (. . . Rule 16 only require[s] disclosure of evidence in the government's possession.) The Government claims to have produced all evidence in its possession concerning these allegations. (Doc. 71 at 9, n. 2.) Further, the Government does not plan to introduce evidence of the impaired driving allegation or money laundering unless Lapier "opens the door" to the issues at trial. (*Id.* at 5, 8.) The Court has determined that potential information that the witnesses may share regarding Lapier's money would be relevant. The

Government does not intend to introduce this evidence at trial unless Lapier opens the door at trial. Lapier's claims are moot unless the Government seeks to introduce this evidence at trial based upon Lapier having opened the door to its admission. The Court reserves ruling on the admissibility of any such evidence until the trial record has been developed and the Court can examine whether Lapier has opened the door to its admissibility.

### C. Whether to Exclude Statements and/or Confessions for Which No Specific Notice of Intent Has Been Provided.

Lapier next contends that the Government has failed to provide specific disclosure of its intent to use any particular statement or alleged confession of Lapier and instead has provided hundreds of hours of jail cell calls and jail video visits "containing a plethora of irrelevant material[.]" (Doc. 47 at 12.) Lapier insists that the Court's scheduling order (Doc. 8 ¶ 2) requires the Government to disclose which statements it intends to use. (Doc. 47 at 12.)

The scheduling order requires the following action:

> On or before the discovery deadline set above, the government shall, upon request of the attorneys for the defendants, provide to the defendant all discoverable materials specified in Federal Rule of Criminal Procedure 16(a). The government shall make specific disclosure of its intent to use any statements or confessions made by the defendant. If defendant questions the admissibility of such statement or confession, the hearing required by *Jackson v. Denno*, 378 U.S. 368 (1964), shall be held at least ten (10) days prior to trial.

(Doc. 8 ¶ 2.)

The Government interprets the scheduling order to require only the disclosure of the defendant's "confessions or alleged involuntary statements that he made to law enforcement officers." (Doc. 71 at 10.) These disclosures are required under *Jackson v. Denno*, 378 U.S. 368 (1964), which the Court cites to in the scheduling order. (Doc. 8 ¶ 2.) The scheduling order does not stop there, however, and relies on Fed. R. Crim. P. 16(a) in the same clause. Rule 16(a) requires several disclosures from the Government. The defendant's relevant written and recorded statements must be disclosed if the statement remains within the government's control, and the attorney knows or could know through due diligence that the statement exists. Fed. R. Crim. P. 16(a)(1)(B). The scheduling order requires appropriate disclosure of the statements on which the Government intends to rely, even if they are not made to law enforcement officers.

The scheduling order further requires the Government to "make specific disclosures of its intent to use any statements or confessions made by the defendant." (Doc. 8 ¶ 2.) This narrower standard is atypical. As "a general rule," the government is under "no duty to direct a defendant to exculpatory evidence" within the required disclosed evidence. *United States v. Skilling*, 554 F.3d 529, 576 (5th Cir. 2009), aff'd in part, rvs'd in part, *Skilling v. United States*, 561 U.S. 358 (2010). The Government anticipates relying upon "multiple inculpatory statements made to lay witnesses" and will "mainly rely on the statements attributable to

Lapier reflected in discovery." (Doc. 71 at 10.) This language does meet a standard of specificity.

The Court finds that the scheduling order obligates the Government to disclose specifically its intent, if any, to use any statements or confessions made by the defendant in direct examination of witnesses. The Court directs the Government to identify those statements or confessions of Lapier that intends to introduce in its case-in-chief. The Court recognizes that the Government may use the tranche of jail calls and video visits to confront witnesses for cross-examination and impeachment purposes, so long as those admissions comply with the otherwise applicable law.

## II. Bill of Particulars.

Lapier argues that he is "completely unable" to identify what the Government intends to prove at trial. (Doc. 49 at 9.) Lapier's Bill of Particulars requests that the Government furnish an agreement, the terms of an agreement, a sufficiently specific time period, or the object of the agreement regarding Count 1, Conspiracy, in the Indictment or through discovery. (*Id.* at 10.) Lapier asserts that, without this information, he may be unfairly surprised, unable to present a defense, and unable to plead former jeopardy to avoid subsequent prosecutions for the same offense because of the alleged inadequacies. (*Id.*)

A bill of particulars should ask that the charge be particularized. *Cooper v.*

*United States*, 282 F.2d 527, 532 (9th Cir. 1960). It should not ask for disclosure of evidence that otherwise remains available through the discovery process. *Id.* Count 1 of the Indictment, Conspiracy, provides Lapier with a time span, general location, alleged existence of an agreement and its type, the object of the agreement, and the type of substance at issue. (Doc. 1 at 2). Count 2 of the Indictment, Possession with Intent to Distribute, provides Lapier with a time span, general location, alleged possession, and the type of substance at issue. (*Id.* at 2-3.) Bills of particulars prove "unnecessary where the indictment sets forth the elements of the charged offenses and provides sufficient notice to enable the defendant to prepare his defense." *United States v. Vaughn*, 722 F.2d 918, 927 (7th Cir. 2013). The information contained in the Indictment proves sufficient to meet this standard. Lapier's requests should be made through the discovery process.

**III. Motion for Sanctions.**

Lapier's third motion seeks sanctions for untimely and/or undisclosed *Giglio* information. (Doc. 52 at 1.) Lapier alleges that the Government intends to present the testimony of witnesses who have pending criminal charges, are currently in prison, and are currently on supervised release. (*Id.* at 2.) Lapier claims that all these witnesses have sought or will be seeking to reduce their punishments. (*Id.*) The Court's scheduling order in the instant case required that *Giglio* material be produced "four weeks prior to the date of the start of the trial . . . *Giglio* material

developed less than four weeks before trial must be disclosed immediately." (Doc. 8 ¶ 3(c).) The order noted that failure to comply may subject the non-complying party and/or its attorney to sanctions. (*Id.* ¶ 22.) The Court originally scheduled Lapier's trial date for September 22, 2026. (Doc. 31.) Lapier alleges that the Government had not produced any *Giglio* information pertaining to these witnesses on August 25, 2026. (Doc. 52 at 3.)

Lapier's Counsel contacted Counsel for the Government regarding the material on August 26, 2026, and received a partial disclosure. (*Id.*) Lapier alleges that the Government did not disclose grand jury transcripts, motions made pursuant to U.S.S.G. 5K1.1 on behalf of a Government witness, a presentence investigation report prepared pursuant to Fed.R.Crim.P. 32(c) and/or 18 U.S.C. § 3552(a) or (b), and audio recordings of interviews with cooperating, informant, and confidential sources and Government agents. (*Id.* at 4.)

The Court recognizes that, despite the Government's ongoing production of *Giglio* information, the information is tardy and each of the foregoing disclosures will be "more tardy tha[n] the last." (Doc. 52 at 6.) The tardy disclosure violates the scheduling order in this case, and the Government concedes that point. (Doc 8 ¶ 13; Doc. 59 at 2.)

The Court need only determine the appropriate remedy. Lapier asks the Court to take the extreme step of excluding the relevant witnesses. (Doc. 52 at 5.)

Lapier alleges severe prejudice because Lapier's Counsel is sole counsel for Anthony Marcia Garcia in *State of Montana v. Robert Anthony Marcia-Garcia*, Montana Fourth Judicial District Case No. DC-24-558. (*Id.* at 4.) *Marcia-Garcia* is scheduled for trial September 16-18, 2026. (*Id.*) Thus, Lapier's Counsel "cannot make up for the lost time in the days and night preceding the week before trial." (*Id.* at 4.)

Witness exclusion represents a severe remedy. *United States v. Thomas*, 2026 U.S. Dist. LEXIS 152762, *25 (D. V.T. 2016). Exclusion of witnesses usually proves available only where a continuance would not be adequate. *Id.* The Court finds that a continuance would serve as an adequate remedy, because it would permit Lapier's Counsel time to prepare following the *Marcia-Garcia* trial. The Government now claims to be taking active steps to correct its oversight. (Doc. 59 at 2.) The Government claims it will continue to produce potential *Giglio* information to Lapier on "a rolling basis." (*Id.* at 3-4.) A continuance comports with the balance of harms in this case, and the Government's ongoing disclosures. The District of Montana has applied this remedy to avoid *Giglio* disclosure issues before. *See e.g., United States v. Durbin*, 2012 U.S. Dist. LEXIS 35427, **2-4 (D. Mont. 2012) (granting a continuance in part to ensure the Government fully complied with its Jencks Act and *Giglio* obligations.)

The Court declines to grant the extreme remedy of excluding the witnesses

and, instead, believes that the continuance at Doc. 78 to reset the trial from September 22, 2026, until October 13, 2026, will remedy the Government's failure to make timely disclosures so long as the Government continues to produce the required *Giglio* information in a timely manner.

Accordingly, **IT IS ORDERED**:

1. The Court **DENIES Lapier's motions in limine in part and GRANTS in part**. Lapier's arguments regarding the allegations of him driving under the influence and "money laundering" are dismissed as moot. The allegations that Lapier possessed or traded in firearms and that he was involved with significant amounts of money remain relevant. Lapier's motion to exclude evidence under Fed. R. Crim. P. 16(d) is dismissed as moot. The Court directs the Government to disclose its intent, if any, to use statements or confessions made by the defendant during its case-in-chief.
2. The Court **DENIES Lapier's motion for a Bill of Particulars.**
3. The Court **GRANTS Lapier's motion for sanctions for untimely/undisclosed Giglio information** and remedies the violation with the continuance issued on September 9, 2026. (Doc. 78.)

DATED this 18th day of September.

Brian Morris, Chief District Judge
United States District Court