**smallsUNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>LELAND NEAL LAPIER, JR.,<br>Defendant. | CASE NO: CR 26-10-GF-BMM<br>**ORDER** |

Defendant Leland Lapier, Jr. filed a fourth motion to amend/correct conditions of detention to permit medical furloughs or in the alternative to order transportation for medical treatment. (Doc. 102.) The Government opposes Lapier's motion. (Doc. 106.) The Court previously granted, in part, and denied, in part, Lapier's third motion to amend conditions of detention to permit medical furloughs (Doc. 41). (Doc. 44.)

Lapier previously identified numerous medical issues and provided explanations for his previous failure to receive treatment for the conditions. (Doc. 36 at 2-5.) Lapier requested transport and permission to attend medical appointments and treatments. (*Id*. at 6-7.) Lapier asked that he either be permitted to schedule his own appointments and arrange his own transportation to each appointment, or that

the Court require the appropriate authorities to transport him to and from each appointment. (*Id.*)

The Court declined to permit Lapier to travel independently to and from his appointments. (Doc. 38.) The Court instead reminded Lapier that the U.S. Marshals Service ("USMS"), or its designee, remains responsible for transporting Lapier to and from his medical appointments that USMS has approved. (*Id.*) USMS is not required to transport, or arrange transportation, for any appointments Lapier schedules that have not been approved by USMS. (*Id.*) The Court informed Lapier that he remained free to file motions for relief if he believed that USMS wrongly denied his medical requests. (*Id.*)

Lapier's previous motion argued that the USMS wrongly denied his medical requests. (Doc. 41 at 3.) Lapier based his belief on USMS's failure to provide records or documents related to Lapier’s requests for medical treatment when requested by Lapier. (*Id.* at 3-4.) Lapier asserted the reasons provided by USMS for denying Lapier's medical requests, in addition to its failure to provide additional documentation, records, or evidentiary support for its conclusions, supported the need for the Court’s intervention. (*Id.* at 5-9.)

The Court reasoned that USMS must comply with the appropriate USMS Policy Directives, and namely USMS Policy Directives § 9.4, *Prisoner Healthcare*. (Doc. 44 at 3.) The Court ordered USMS to provide the requested medical records

to the extent necessary to demonstrate compliance with USMS policy directives. (*Id.*) The Court denied Lapier's request for furlough or to provide his own transportation to and from appointments, because "[p]risoners may not use personal funds or personal health insurance to purchase health care services not authorized" by the USMS. (*Id.* at 3-4) (citing USMS Policy Directives § 9.4, *Prisoner Healthcare*.)

Lapier's fourth motion rests on substantially similar grounds to his third motion. Lapier supplements his fourth motion with the findings of three doctors:

- Dr. Michael Dube, Lapier's orthopedic surgeon, noted that Lapier would benefit from certain surgical interventions (Doc. 103 at 4-5);
- Dr. Peter Molnar referred to orthopedic surgery for consultation and specialty services (*Id*. at 5.); and
- Dr. Mitchell Rohrback concluded that Lapier has "ongoing surgical needs[.]" (*Id.* at 5-6.)

USMS has continued to deny Lapier's requests for surgery based on insufficient clinical evidence. (Doc. 41, Exhibit 3 at 6.) Lapier requests the Court order USMS to allow Lapier to see a physician/surgeon, allow Lapier to schedule his own appointment and arrange his own transportation, or order Lapier's custodians to transport Lapier to an appointment with Dr. Schlepp. (Doc. 103 at 10.)

The Court finds that the additional opinions Lapier has supplied do not change

the substance of the law the Court already has applied to his third motion. The Court again will grant, in part, and deny, in part, Lapier’s fourth motion for furlough. (Doc. 102). The Court renews its order that USMS produce Lapier's requested medical records as necessary to demonstrate compliance with USMS policy directives, to the extent that it has not done so already.

The Court again denies Lapier's request for furlough or to provide his own transportation to and from appointments. USMS remains responsible for inmates in their custody, and the Court once again declines to usurp USMS's efforts to comply with its obligations without good reason. The Court recognizes Lapier's difficult position and remains hopeful that the parties can maintain ongoing discussions as Lapier's condition evolves. Lapier may refile again later, but the Court encourages him to consider whether his circumstances have materially changed before doing so.

**IT IS HEREBY ORDERED** Defendant Leland Lapier Jr.’s fourth motion to amend conditions of detention to permit medical furloughs (Doc. 102), is **GRANTED**, in part, and **DENIED**, in part.

Dated this 3rd day of November, 2026.

Brian Morris

Brian Morris, Chief District Judge
United States District Court